IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JOSEPH VALDIE KIMBLE,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§   Case No. 6:21-cv-180-JDK-JDL<br>§   Crim. No. 6:18-cr-044-JDK-JDL-1<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph Valdie Kimble, a federal prisoner in the custody of the Bureau of Prisons, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The petition was referred to United States Magistrate Judge, the Honorable John D. Love, for findings of fact, conclusions of law, and recommendations for disposition.

On August 17, 2021, Judge Love issued a Report and Recommendation recommending that the Court deny the petition and dismiss the case with prejudice on the merits of the petition. Judge Love also recommended that the Court deny Kimble's emergency motion for bond and sua sponte deny a certificate of appealability. Docket No. 12. Petitioner timely objected. Docket No. 13.

Where a party objects within fourteen days of service of the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the

1

Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Petitioner raises five objections to the Report and Recommendation. Because these objections merely recite arguments considered and properly rejected by the Magistrate Judge, the Court will not address them in detail here. The Court will, however, make one additional finding further supporting the denial of the petition. Even if Petitioner had a right to counsel during the May 8, 2020 proceeding, he has not met his burden to prove that counsel was ineffective. Petitioner has thus not shown cause and prejudice to avoid procedural default of his claims. *See United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). To show ineffective assistance of counsel, Petitioner must demonstrate (1) "that counsel's representation fell below an objective standard of reasonableness" and (2) that there is a "reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). In analyzing the first prong of *Strickland*, the Court must be "highly deferential" to counsel's decisions and must adopt a "strong presumption" that counsel acted reasonably. *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

Petitioner claims that his counsel was ineffective for failing to object under Federal Rule of Criminal Procedure 35 and failing to appeal the Court's May 8 Order

on that basis. Both arguments fail. Petitioner does not contend that his counsel was unaware of Rule 35, but rather challenges counsel's strategic decision against continuing to press the argument. *See* Docket No. 1 at 12–13 (arguing that Kimble's May 8 counsel was ineffective because, even though they "correctly cited Rule 35(a)'s 14-day time limit," counsel did not assert the argument in the same terms Kimble now presses). But, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983); *see also United States v. Scott*, 11 F.4th 364, 370 (5th Cir. 2021) ("While 'strategic choices made after thorough investigation of law and facts ... are virtually unchallengeable,' those 'made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" (quoting *Strickland*, 466 U.S. 690–91) (omission in original)).

Further, counsel's decision not to file an appeal to assert a novel[1]—and incorrect—interpretation of the law is not objectively unreasonable. *See, e.g.*, *Fields*, 565 F.3d at 294 (observing that the Fifth Circuit has "repeatedly held that 'there is no general duty on the part of defense counsel to anticipate changes in the law.'" (quoting *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir.1997)); *United States v. Williamson*, 183 F.3d 458, 462–63 (5th Cir. 1999) (noting that on appeal, counsel has

---

[1] *See* Docket No. 13 at 4 (recognizing that the Fifth Circuit has never considered Petitioner's Rule 35 argument in the context of a proceeding pursuant to 18 U.S.C. § 3582(c)).

a duty to discover "[s]olid, meritorious arguments based on directly controlling precedent" and bring them to the appellate court's attention).

Having conducted a de novo review of the Report and the record in this case, including the objected-to findings and conclusions, the Court has determined that the Report of the United States Magistrate Judge is correct and that Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 13) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 12) as the opinion of the District Court. Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 1) is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability. Kimble's emergency motion for bond (Docket No. 5) is **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **25th** day of **October, 2021.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE